FILED
SUPERIOR COURT
OF GUAM

2018 APR 26 PM 1: 54

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

| | | |
|---|---|---|
| DRESSER-RAND COMPANY, | ) | Foreign Order Case No. FO0001-17 |
| Plaintiff, | ) | |
| vs. | ) | |
| GUAM INDUSTRIAL SERVICES dba GUAM SHIPYARD, | ) | **DECISION & ORDER** |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on Defendant Guam Industrial Services dba Guam Shipyard's Motion to Vacate Domesticated Judgment. Attorney Louie J. Yanza represents Defendant Guam Industrial Services dba Guam Shipyard ("Shipyard"). Attorney Geri Diaz represents Plaintiff Dresser-Rand Company. Having considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order denying Defendant's motion.

## BACKGROUND

This matter arose out of a contract dispute between Plaintiff Dresser-Rand Company ("Plaintiff" or "Dresser-Rand") and Defendant Guam Shipyard. On January 14, 2015, Plaintiff filed suit in the District Court of Harris County, Texas claiming breach of contract. On May

**ORIGINAL**

20, 2015, Shipyard filed an Amended Special Appearance arguing that it was not subject to personal jurisdiction in the Texas court. On September 11, 2015, the Texas court denied Shipyard's special appearance, and Shipyard appealed the matter. While the appeal was pending, the Texas court granted Plaintiff's Motion to Compel Arbitration on October 30, 2015.

On July 21, 2016, the Texas Court of Appeals reversed the trial court's judgment on Shipyard's special appearance and dismissed the case for lack of personal jurisdiction. On January 19, 2017, the Texas Court of Appeals annulled its July 21, 2016 Judgment, and ruled that the trial court had personal jurisdiction over the parties to order arbitration. The matter proceeded to arbitration, and the tribunal awarded damages to Plaintiff on March 25, 2017. On July 14, 2017, the Texas trial court granted Plaintiff's Motion to Confirm Arbitration Award and for Final Judgment. Subsequently, Plaintiff filed the Judgment in the Superior Court of Guam on August 17, 2017. On October 30, 2017, this Court issued a Writ of Execution directing the Marshal of the Superior Court of Guam to satisfy the Judgment.

On November 27, 2017, Shipyard filed the present Motion to Vacate Domesticated Judgment. Shipyard argues that the Judgment rendered by the Texas trial court is void because the Texas trial court did not have personal jurisdiction over Shipyard and that there was no determination that a valid contract existed between Shipyard and Dresser-Rand. On December 26, 2017, Dresser-Rand filed an Opposition in response, arguing that arbitration proceeded under the parties' agreement, not a court order. Additionally, Dresser-Rand asserts that the Arbitration Tribunal had the jurisdiction to determine the validity of the parties' contract and that the Texas trial court had the jurisdiction to confirm the arbitration award under the parties' contract. On January 8, 2018, Shipyard filed a reply maintaining that the judgment is void because the Texas court did not have personal jurisdiction over Shipyard.

## ISSUE

1. Whether the Texas court had personal jurisdiction over the parties to confirm an arbitration award.

## FACTS

1. On December 30, 2013, Dresser-Rand sent two proposals to Shipyard for work to be performed on United States submarines in Guam.

2. These proposals referenced Dresser-Rand Company Terms and Conditions of Sale of Equipment, Parts, Field Services and Repairs, an attachment also referred to as "D-R 100 Terms and Conditions."

3. The D-R 100 Terms and Conditions included an arbitration provision through which the parties agreed to resolve any dispute through binding arbitration in either Buffalo, New York or Houston, Texas. Additionally, the parties agreed that the Judgment could be entered in any court having jurisdiction.

4. There is no evidence that Shipyard proposed any new or different terms.

5. On January 9, 2014, Herman Agustin, Jr. of Shipyard sent an email to Dresser-Rand's Christopher Toth expressing Shipyard's authorization to proceed with the proposals.

6. On January 10, 2014, Dresser-Rand sent Shipyard purchase orders.

7. On July 25, 2016, Dresser-Rand filed an Amended Statement of Claims and Demand for Arbitration based on the contract between the parties. Arbitration proceeded with the Tribunal being empaneled in accordance with the arbitration provision by the American Arbitration Association ("AAA").

8. Dresser-Rand provided the testimony of Christopher Toth.

9. Shipyard provided the testimony of Mr. Scherzer.

10. On March 27, 2017, the evidentiary hearing was declared closed.

11. The Arbitration Tribunal found that Shipyard accepted Dresser-Rand's offer which included the obligation to arbitrate disputes. Thus, the Tribunal found that a court order was not necessary because arbitration commenced through the parties' agreement.

12. The Tribunal also found that Dresser-Rand was entitled to damages and interest from Shipyard along with attorney's fees.

13. On July 14, 2017, the District Court of Harris County, Texas confirmed the arbitration award and rendered a final Judgment.

14. On August 17, 2017, Dresser-Rand filed the Judgment in the Superior Court of Guam.

## PRINCIPLES OF LAW

### Enforcement of Foreign Judgment

Guam has adopted the Uniform Enforcement of Foreign Judgments Act of 2014 (UEFJA). See 7 G.C.A. § 51101 et seq. Under the UEFJA, a "foreign judgment means any judgment, decree, or order of a court of the United States, or of any other court, which is entitled to full faith and credit in Guam." Id. § 51103. Further, the UEFJA directs the Clerk of the Superior Court of Guam to treat an authenticated foreign judgment "in the same manner as a judgment of the Superior Court of Guam." Id. § 51104. Thus, "[a] judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the Superior Court of Guam, and may be enforced or satisfied in like manner." Id.

"A foreign judgment may be attacked if the rendering court lacked jurisdiction over the person or subject matter, the judgment was obtained through lack of due process or was the result of extrinsic fraud, or the judgment was invalid or unenforceable." Cho v. American Bonding Co., 952 P.2d 468, 474 (Ct. App. Ariz. 1997); see also Brittain v. Boston Pneumatic,

Page 4 of 7

Inc., 355 N.Y.S.2d 45, 48 (Sup. Ct. N.Y. 1974) (explaining that "while judgments entered in courts of other states are to be given full faith and credit, they may be impeached if the court lacks jurisdiction, either of the subject matter or the person of defendant."). Parties can waive the requirement of personal jurisdiction through a variety of legal arrangements under which they can give express or implied consent to the personal jurisdiction of a court. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14 (1982) (internal quotations omitted). "An agreement to arbitrate is one such legal arrangement by which a litigant may impliedly consent to personal jurisdiction." Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982). When parties agree to arbitrate in one state, they have impliedly consented to the jurisdiction of the courts in that state on the theory that only that state's courts have the jurisdiction to compel arbitration in that state. PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland), 260 F.3d 453, 461-62 (5th Cir. 2001). Further, personal jurisdiction over a non-resident defendant that is founded on a forum-selection clause need not be supported by the defendant's contacts with the selected forum. Ex parte Trinity Automotive Services, Ltd., 974 So.2d 1005, 1013 (Ct. App. Ala. 2006).

Finally, in absence of proof to the contrary, the jurisdiction of a court in a sister state, from which a duly authenticated judgment which is regular upon its face is presented in evidence, will be presumed." Hicks v. Hicks, 70 Cal.Rptr. 878, 881 (Ct. App. 1968). Thus, in a challenge to a judgment based on jurisdictional grounds, the party making the challenge has the burden to produce evidence to overcome the presumption. Century Int'l Mgmt. v. Gonzalez, 601 So.2d 105, 107 (Ct. App. Ala. 1992).

\\

\\

\\

## ANALYSIS

Defendant Guam Shipyard requests this Court to vacate the domesticated Judgment rendered by the Texas trial court, arguing that the Texas court did not have personal jurisdiction over Shipyard. The Texas trial court confirmed the award determined by the Arbitration Tribunal. The Arbitration Tribunal found that the arbitration between Dresser-Rand and Shipyard commenced pursuant to the parties' contract and arbitration provision. Additionally, the Arbitration Tribunal found that Shipyard accepted Dresser-Rand's offer that included the arbitration provision.

The Court finds that facts of the case do not support vacating the Texas court's confirmation of the arbitration award and subsequent Judgment. As the Judgment has been authenticated and domesticated, the Court presumes that the Texas court had jurisdiction to enter it. It is Defendant Shipyard's burden to produce evidence to overcome the presumption. The Court determines that Shipyard has failed to meet this burden. The Arbitration Tribunal determined that arbitration provision in the D-R 100 was part of the offer accepted by Shipyard. Additionally, Dresser-Rand and Shipyard participated in arbitration pursuant to their contract. The Court has not been presented with any evidence to disturb the findings of the Arbitration Tribunal. Further, as the parties agreed to arbitrate in Houston, Texas, the Court finds that the parties also consented to the Texas court's jurisdiction over them. Thus, the Court determines that Texas court – the District Court for Harris County, Texas – had personal jurisdiction over Dresser-Rand and Shipyard to confirm the award ordered by the Arbitration Tribunal.

\\

\\

\\

## CONCLUSION AND ORDER

For the reasons set forth above, the Court DENIES Defendant Guam Industrial Services dba Guam Shipyard's Motion to Vacate Domesticated Judgment.

SO ORDERED, this _26_ day of ____April____ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

CAMACHO CALVO LAW GROUP
YANZA FLYNN TIMBLIN, LLP
Date: 4-26-18 Time: 1:55PM

A. Santos
Deputy Clerk, Superior Court of Guam

ORIGINAL